STATE of Oklahoma, ex rel. OKLAHO-
MA BAR ASSOCIATION,
Complainant,

v.

James E. BELL, Respondent.

S.C.B.D. No. 2943.

Supreme Court of Oklahoma.

Dec. 22, 1981.

Gary A. Rife, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

John C. Moran, Oklahoma City, for respondent.

BARNES, Vice Chief Justice:

This is a disciplinary proceeding under the Rules Creating and Controlling the Oklahoma Bar Association. Rules-Bar Association, 5 O.S.1971, Ch. 1, App. 1, Arts. IX and X.

The Respondent, James E. Bell, was employed by Vera Ridings on or about January 30, 1976, to represent her in collecting the balance due on a 1973 promissory note secured by a real estate mortgage executed in her favor by C. Olan Moore. C. Olan Moore filed a mortgage cancellation suit against Vera Ridings in the District Court in and for Oklahoma County. Trial on the merits was set for June 6, 1977. The Respondent arrived at the courthouse on such date after a default judgment had been rendered against his client, due to his failure to appear on time for trial.

Respondent advised his client that he would take the necessary steps to attempt to vacate the default judgment, but in fact took no affirmative action to set aside the judgment and allowed it to become final. Respondent did not at any time communicate with attorneys for the plaintiff in the action in an effort to reach some settlement, and misrepresented the reasons for the delay in resetting this matter to his client, Vera Ridings. Further, several months after the granting of the default

judgment, Respondent abandoned the cause of his client and failed and refused to communicate with her regarding the status of her lawsuit.

Complaint was filed by the Oklahoma Bar Association against Respondent seeking discipline for the Respondent. Hearing was held before the appointed Trial Authority, William S. Myers, Jr. All of the facts outlined above were stipulated to by Respondent and the matter was submitted for hearing before the Trial Authority pursuant to such stipulation of facts entered into between the Assistant General Counsel for the Oklahoma Bar Association and the attorney for the Respondent. In such stipulation of facts the parties agreed that the Respondent should be suspended from the practice of law.

After reviewing the evidence and the stipulation of the parties, the Trial Authority made Findings of Fact and Conclusions of Law that included a recommendation that Respondent be suspended from the practice of law within the State of Oklahoma for a period of one (1) year. The issue before this Court is the recommendation of the Trial Authority for imposing discipline upon the Respondent. Complainant association and the Respondent waived the filing of any briefs.

It is apparent from the stipulation of the parties that Respondent has cooperated with the Bar Association in this matter, and there are no facts in dispute. The Trial Authority approved the stipulation of the parties, and we can only agree with the Findings and Conclusions of the Trial Authority that the Respondent violated the provisions of Canon 6, DR 6–101(A)(3) and Canon 7, DR 7–101(A)(1) and (3), of the Code of Professional Responsibility. We note that the default judgment against Respondent's client was subsequently set aside.

We, therefore, approve the Report of the Trial Authority and impose the discipline on the Respondent as there recommended of suspension from the practice of law in the State of Oklahoma for a period of one (1) year from the effective date of this opinion.

Respondent is further directed to comply with Article X, Section 16(f), of Rules Creating and Controlling the Oklahoma Bar Association, as reported in T. 5, Ch. 1, App. 1, Oklahoma Statutes Annotated.

REPORT AND RECOMMENDATION OF THE TRIAL AUTHORITY APPROVED.

IRWIN, C. J., and HODGES, LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.